IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BILLINGNETWORK PATENT, INC.,

    Plaintiff,

    vs.                                  Case No. 1:20-cv-01254-KWR-SCY

MY PRACTICE NOW LLC,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's second motion for default judgment **(Doc. 12).** The Court **GRANTS** the motion **IN PART.** The Court finds that Plaintiff has established that default judgment is appropriate as to liability. However, the Court concludes that Plaintiff has not sufficiently established damages. The Court will set this matter for an evidentiary hearing, at which Plaintiff will be expected to establish damages. Defendant may appear, object, and present evidence. If Plaintiff does not establish damages at the hearing, the Court may deny damages.

**BACKGROUND**

Plaintiff alleges patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Compl. ¶ 1. Plaintiff is a Florida corporation that has standing to sue for infringement of the United States Patent No. 6,374,229, entitled "Integrated Internet Facilitated Billing, Data Processing and Communication System" or 229 Patent. *Id*. ¶ 3. Defendant is listed as an active New Mexico limited liability company with a principal place of business in Albuquerque. Defendant provides browser-based practice management software system.

Plaintiff alleges that Defendant has directly infringed upon 229 Patent under 35 U.S.C. § 271(a) by manufacturing, hosting, using, selling, licensing the use of, offering for sale and offering a license to use Defendant's practice management software system. *Id.* ¶ 34. Plaintiff first notified Defendant of the infringement on October 3, 2018 by email and first-class mail. *Id.* ¶ 35. Plaintiff requests damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty from at least October 3, 2018 to October 20, 2019. *Id.* ¶ 38.

Default was entered on April 14, 2021.  Plaintiff filed this motion or default judgment on June 23, 2021.  Plaintiff served this motion for default judgment on Defendant.  **Doc. 12 at 11.** Defendant did not respond or object to the motion.

## DISCUSSION

### I. Liability.

Plaintiff seeks default judgment on liability under 35 U.S.C. § 271(a). Rule 55 mandates a two-step process for a default judgment. First, a party must obtain a Clerk's entry of default. Second, the party must request a default judgment. *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) (citing Fed. R. Civ. P. 55(a) & (b)).  Once a defendant is found to be in default, a court must "t[ake] as true all factual allegations in the complaint, except those pertaining to the amount of damages." *Archer v. Eiland*, 64 F. App'x 676, 679 (10th Cir. 2003).  However, even after entry of default, the Court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *See Greenwich Ins. Co. v. Daniel Law Firm,* No. 07–cv–2445–LTB–MJW, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (citations omitted). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Id.* at *2 (citation omitted), *quoted in Villanueva v. Account*

*Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015). Plaintiff requested entry of default on April 13, 2021 and the Clerk's office entered default on April 14, 2021.

This Court has original federal question jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a).

Plaintiff has set out in detail its attempts to serve Defendant. Plaintiff states that "despite diligent efforts Plaintiff has been unable to effect service on Defendant through traditional service of process such that a proof of service summons can be filed." (See Haller Affidavit at ¶¶ 3-15 and Exhibits 1-17). Defendant has been made aware of the litigation and received a copy of the complaint and summons through transmittal by the New Mexico Secretary of State. (See Haller Affidavit at ¶¶ 9-15 and Exhibits 10-17). Plaintiff argues that Defendant has received the proper communication and is attempting to evade formal service. Plaintiff appears to have served the Defendant through its registered agent, and therefor service appears to be adequate. N.M. R. Civ. P. 1-004(g)(1)

After Defendant was served, it failed to appear in this case or answer the complaint. Plaintiff requested that the Clerk of Court enter default against the Defendant and default was entered against Defendant.

Plaintiff has established that this Court has subject matter jurisdiction over this case.

Plaintiff has also show that the allegations, if taken as true, provide a sufficient basis for default judgment as to liability for the patent infringement claim. *See* **Doc. 12 at 4-7**. Therefore, Plaintiff has shown that default judgment is appropriate as to liability.

**II. Damages.**

Under Fed.R.Civ.P. 55(b)(1), judgment can be entered by the Clerk for a "sum certain" or a "sum that can be made certain by computation" where a defendant has been defaulted for a failure

to appear. *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 20 (1st Cir. 2003). To be a "sum certain" there must be no doubt as to the amount that must be awarded. *Franchise Holding II, LLC. v. Huntington Rests. Group, Inc.,* 375 F.3d 922, 928–29 (9th Cir.2004). A court is not required to accept the plaintiff's legal conclusions or factual allegations when assessing damages and must ensure that there is a legal basis for the damages specified in the default judgment. *Klapprott v. United States*, 335 U.S. 601, 611-12 (1949).

Where damages are not for a sum certain, the Plaintiff must apply with the Court for damages. Fed. R. Civ. P. 55(b)(2). "In ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for default judgment." *Seme v. E & H Prof'l Sec. Co., Inc.*, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010) (citing *Fanning v. Permanent Solution Indus., Inc.*, 257 F.R.D. 4, 7 (D.D.C.2009), *quoted in Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1277 (D. Kan. 2016). "The calculation of damages requires the Court to look beyond the averments of the complaint. The Court is required to examine the sufficiency of all evidence with respect to damages, and, when evidence is deemed insufficient, to ascertain the appropriate level of damages through its own inquiry.*" Begay v. Rangel*, No. CV 05-0494 MCA/LCS, 2006 WL 8444385, at *2 (D.N.M. Mar. 10, 2006), *quoting Joe Hand Promotions, Inc. v. Hernandez*, No. 03 Civ. 6132(HB) et al., 2004 WL 1488110, at *2 (S.D.N.Y. June 30, 2004) (citations omitted).

Nothing in the plain language of Fed. R. Civ. P. 55 requires the Court to hold a hearing on damages, even if the amount is not a sum certain. Fed. R. Civ. P. 55(b)(1) provides that the *Clerk* "must" enter judgment when the claim is for a sum certain or sum that can be made certain by computation. Fed. R. Civ. P. 55(b)(2) provides that in all other cases the Plaintiff must apply to

the court. It provides that "[t]he court *may* conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

> **(A)** conduct an accounting;
> **(B)** determine the amount of damages;
> **(C)** establish the truth of any allegation by evidence; or
> **(D)** investigate any other matter.

Fed. R. Civ. P. 55(b) (emphasis added).

An "evidentiary hearing is not always required. Rather, the hearing requirement can be satisfied by the submission of affidavits or other proper documentary evidence if doing so will create a record sufficient for the court to decide the matters before it." *Lopez v. Highmark Constr., LLP*, No. 17-CV-01068-CMA-MLC, 2018 WL 1535506, at *3 (D. Colo. Mar. 29, 2018), *Ullico Cas. Co. v. Abba Shipping Lines, Inc.*, 891 F. Supp. 2d 4, 7 (D.D.C. 2012); *Hermeris, Inc. v. McBrien*, No. 10-2483-JAR, 2012 WL 1091581, at *1 (D. Kan. Mar. 30, 2012) ("Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts."); *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir.1985) ("Damages may be awarded only if the record adequately reflects the basis for [the] award via a hearing or a demonstration by detailed affidavits establishing the necessary facts."); *Seme v. E & H Prof'l Sec. Co., Inc.*, 2010 WL 1553786, at *11 (D.Colo. Mar. 19, 2010) ("In ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for default judgment."); *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011) ("Further, Rule 55 of the Federal Rules of Civil Procedure, which governs default judgments, does not require that the district court receive evidence on the claimed damages amount before entering a default judgment; rather, the Rule simply allows the district court to conduct a hearing if it believes that additional investigation or evidence is necessary.").

Plaintiff has requested $132,000 in damages against Defendant to compensate it for the patent infringement that occurred from at least October 3, 2018 through expiration of the '229 Patent on October 20, 2019.

Here, Plaintiff has not yet shown an entitlement to a specific amount of damages. Plaintiff asserts that the amount of damages under its patent infringement claim is a royalty rate multiplied by the Defendant's revenue. Plaintiff presents evidence on the calculation of an appropriate royalty rate. However, Plaintiff fails to produce any credible evidence in support of the $ 4 million revenue amount. Plaintiff asserts it found that revenue amount on zoominfo.com, but does not state where zoominfo.com found that revenue amount. **Doc. 12-2 at 5.** The Court finds that this evidence is not sufficient to establish an amount of damages.

Therefore, the Court will set this matter for an evidentiary hearing on damages by a separate notice. At this hearing, Plaintiff must present all evidence it wishes the Court to consider on damages. If Plaintiff fails to prove it is entitled to damages at this hearing, the Court may deny a damages award.

At the hearing, Defendant may appear, object to the entry or amount of damages, and present its own evidence.

Plaintiff **SHALL SERVE** this memorandum opinion and order and the subsequent notice of hearing on Defendant.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment **(Doc. 12)** is **GRANTED IN PART.** Plaintiff has shown it is entitled to default judgment as to liability. However, Plaintiff has not yet shown an entitlement to damages.

**IT IS FURTHER ORDERED** that an evidentiary hearing **SHALL BE SET** by the Court by separate notice. The hearing shall be conducted in the manner described above.

6

**IT IS SO ORDERED.**

_____
**KEA RIGGS
UNITED STATES DISTRICT JUDGE**