## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

BILLINGNETWORK PATENT, INC.,

      Plaintiff,

      vs.                                                              No. 1:20-cv-01254-KWR-SCY

MY PRACTICE NOW, LLC,

      Defendant.

### <u>ORDER ON DAMAGES</u>

**THIS MATTER** comes before the Court following an evidentiary hearing to establish default judgment damages. The Court entered on an order on Plaintiff's second motion for default judgment. **Doc. 13**. The Court found that Plaintiff had established that default judgment was appropriate as to liability but had not provided sufficient evidence for the Court to calculate damages. *Id.* The Court set this matter for an evidentiary hearing, at which Plaintiff was directed to present evidence for the Court to establish damages. *Id.* **at 6.**

Initially, the Court notes that Plaintiff established at the hearing, through sworn testimony, that the Defendant had been served with the Court's opinion and notice of hearing. Defendant did not appear.

In the motion, Plaintiff requested $132,000 in damages for the patent infringement. Plaintiff calculated this amount by calculating a royalty rate of 3.3% pursuant to the relevant *Georgia Pacific* factors and applied that to the Defendant's alleged gross revenue of $4 million. While Plaintiff provided some analysis to calculate the royalty rate, it did not establish the basis for its allegation that the Defendant had a $4 million revenue or that it was appropriate to apply

the royalty rate to that entire revenue. Plaintiff provided a printout from zoominfo.com, which estimated the Defendant's gross revenue at $4 million.  However, neither Plaintiff nor zoominfo.com explained where it got that estimate.  Since there was no basis to determine whether the $4 million estimate from zoominfo.com was credible, the Court found that there was insufficient evidence to establish Defendant's gross revenue.  The Court raised these concerns in its order, and directed Plaintiff to provide any additional evidence:

> Plaintiff has requested $132,000 in damages against Defendant to compensate it for the patent infringement that occurred from at least October 3, 2018 through expiration of the '229 Patent on October 20, 2019.

> Here, Plaintiff has not yet shown an entitlement to a specific amount of damages. Plaintiff asserts that the amount of damages under its patent infringement claim is a royalty rate multiplied by the Defendant's revenue.  Plaintiff presents evidence on the calculation of an appropriate royalty rate.  However, Plaintiff fails to produce any credible evidence in support of the $ 4 million revenue amount. Plaintiff asserts it found that revenue amount on zoominfo.com, but does not state where zoominfo.com found that revenue amount. **Doc. 12-2 at 5.**  The Court finds that this evidence is not sufficient to establish an amount of damages.

> Therefore, the Court will set this matter for an evidentiary hearing on damages by a separate notice.  At this hearing, Plaintiff must present all evidence it wishes the Court to consider on damages.  If Plaintiff fails to prove it is entitled to damages at this hearing, the Court may deny a damages award.

> At the hearing, Defendant may appear, object to the entry or amount of damages, and present its own evidence.

**Doc. 13 at 6.**  Plaintiff acknowledged at the hearing that it had no additional evidence to present and requested "token" damages to be awarded.  At the hearing Plaintiff raised the possibility of a subpoena to force Defendant to provide discovery on its revenue.  However, the Court noted on the record that the purpose of setting this evidentiary hearing was for Plaintiff to provide all evidence for the Court to consider.

Because the Court does not have appropriate evidence on which to basis a damages award, the Court will award only nominal damages.  Therefore, for the reasons stated herein and, in the

Court's, prior order, **doc. 13,** the Court awards nominal damages of $1.00. *Rainey v. Diamond State Port Corp.,* 354 Fed.Appx. 722, 723 (3d Cir.2009) (per curiam)(affirming a district court's entry of nominal damages where default judgment was the only basis of liability for the plaintiff's Title VII claim); *Beavers v. Brown,* 95 Fed.Appx. 529, 530 (5th Cir.2004) (affirming award of nominal damages for § 1983 claims where liability was based only on default judgment); *Lothschuetz v. Carpenter,* 898 F.2d 1200, 1205 & n. 4 (6th Cir.1990) (affirming award of nominal damages to compensate each libel plaintiff where "liability was established by the district court's entry of a default judgment"); *see also Lancaster v. Rodriguez*, 701 F.2d 864, 866 (10th Cir. 1983) (affirming nominal damages where compensatory damages were not established).

A separate judgment will be entered.

**IT IS SO ORDERED.**

_____

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**